UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| Don Henley, | Case No.: 2:14-cv-07827-DSF-AGR |
|---|---|
| Plaintiff, | Assigned to Hon. Dale S. Fischer |
| v. | **STIPULATED PERMANENT INJUNCTION AND CONSENT JUDGMENT [Filed Concurrently with Consented Motion Requesting Entry of Judgment Pursuant to Stipulation]** |
| Duluth Holdings Inc., d/b/a Duluth Trading Company, | |
| Defendant. | |
| | Complaint Filed:   October 8, 2014 |

Plaintiff Don Henley ("Henley") and defendant Duluth Holdings Inc., d/b/a Duluth Trading Company ("Duluth") having stipulated as set forth below to the entry of this Consent Judgment and Permanent Injunction,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED

**FINDINGS**

1.   This Court has jurisdiction of the subject matter of this action and the parties hereto.

2.   Mr. Henley is a professional musician and a founding member, drummer, and singer of the Eagles, which is one of the most successful American musical groups.  In addition to being a member of the Eagles, Mr. Henley has achieved fame as a solo performer and is a public advocate for artists' rights.

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

3. Mr. Henley uses his name to distinguish his services as a recording and performing artist. Mr. Henley's name is protectable as a trademark, and he is the registered owner of two federal trademark registrations of "Don Henley." U.S. Registration Numbers 2337742 and 2359466 were registered on April 4, 2000 and June 20, 2000, respectively. These registrations were duly and legally issued, are valid, subsisting, and incontestable, and constitute conclusive evidence of the validity of each registered mark, the registration of each mark, Mr. Henley's ownership of each mark, and of Mr. Henley's exclusive right to use the registered mark in commerce in connection with the goods and services listed in each registration certificate. 15 U.S.C. §§ 1115(b), 1057(b).

4. Mr. Henley is the owner of the intellectual property rights, including trademark rights and accompanying goodwill, associated with the distinctive name and mark "Don Henley".

5. Mr. Henley's name and likeness are also protectable under right of publicity laws, including without limitation, California Civil Code Section 3344.

6. Duluth Trading Company is a clothing retailer located in Wisconsin that markets and sells apparel throughout the United States. Duluth markets and advertises its products on national and local television stations, by email, and through targeted Internet advertising.

7. On or about October 6, 2014, Duluth Trading Company distributed in interstate commerce to its nationwide customer list an advertisement for its "henley" style shirts that encouraged customers to "DON A HENLEY AND Take It Easy."

8. At no time has Duluth Trading Company obtained a license, authorization, or other permission to exploit Mr. Henley's name or trademark in the manner described herein.

9. On or about October 8, 2014, Plaintiff filed a complaint alleging five claims against Duluth: (a) Trademark Infringement in Violation of U.S. Lanham Act, 15 U.S.C. § 1114; (b) False Endorsement and Unfair Competition in Violation

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

2

STIPULATED [PROPOSED] PERMANENT
INJUNCTION AND CONSENT JUDGMENT
(2:14-CV-07827-DSF-AGR)

of Lanham Act, 15 U.S.C. § 1125; (c) Violation of California Business & Professions Code § 17200; (d) Violation of California Statutory Right of Publicity, Cal. Civ. Code § 3344; (e) Violation of Common Law Right of Publicity (the "Complaint").

10. Duluth has been duly served with the Complaint.

11. Defendants, and each of them, have agreed to stipulate to the relief sought as set forth herein.

## PERMANENT INJUNCTION

12. Duluth, and its respective parents, subsidiaries, affiliates, owners, principals, officers, directors, agents, employees, representatives, contractors and all those acting in concert or participation with them (the "Bound Parties"), and the successors or assigns of the foregoing individuals and/or entities, are hereby permanently enjoined from engaging in or performing directly or indirectly any and all of the following acts:

(a) Using or registering the name and mark "Don Henley", or any combination of the words "Don" and "Henley", in any typeface or font, in any combination of capitalized or lowercase letters, or using any confusingly similar designation, alone or in combination with other words, as a trademark, service mark, trade name, trade name component, brand, domain name, or to otherwise, to market, advertise, promote, manufacture, sell, distribute or otherwise identify any Bound Party's goods or services;

(b) Using the name or mark "Don Henley", or any combination of the words "Don" and "Henley", to lead the public or individual members thereof to believe that any Bound Party's products or services are associated with, sponsored or endorsed by, or otherwise refer or relate to Mr. Henley;

(c) Doing business as (including marketing, advertising and promoting products or services) or using the name or mark "Don Henley" or any combination of the words "Don" and "Henley";

A Limited Liability Partnership
Including Professional
Corporations

3

STIPULATED [PROPOSED] PERMANENT
INJUNCTION AND CONSENT JUDGMENT
(2:14-CV-07827-DSF-AGR)

  (d) Engaging in unfair, unlawful or deceptive business practices or other acts through use of the name and mark "Don Henley", or any combination of the words "Don" and "Henley";

  (e) Otherwise infringing Mr. Henley's trademark rights in the name and mark "Don Henley" as that mark is described in the Complaint, or any combination of the words "Don" and "Henley";

  (f) Otherwise infringing Mr. Henley's right of publicity through use of the name or mark "Don Henley" or any combination of the words "Don" and "Henley"; or

  (g) Assisting, aiding or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs (a)-(f) above at any time.

13. The Court shall retain personal jurisdiction over Duluth and shall retain subject matter jurisdiction of this action for purposes of enforcement of this Judgment and the Settlement Agreement dated as of March 30, 2015 which has been entered into by the parties to this action.

14. Each party shall pay its own attorneys' fees and costs incurrent in connection with this action.

15. Notwithstanding any contrary provisions of the Federal Rules of Civil Procedure, and notwithstanding the absence of any findings of fact and/or conclusions of law by this Court, any requirements for which have been expressly waived by Mr. Henley and Duluth, this Permanent Injunction is a final judgment in this action and suitable for entry by the Clerk pursuant to Fed. R. Civ. P. 58 and 79(a). All rights to appeal this final judgment, on any basis, have been expressly waived by Duluth.

/ / /

/ / /

/ / /

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

4

STIPULATED [PROPOSED] PERMANENT
INJUNCTION AND CONSENT JUDGMENT
(2:14-CV-07827-DSF-AGR)

16. The clerk is directed to enter this Judgment forthwith without the necessity of any further order of this Court.

Dated: April 14, 2015

> Pursuant to L.R. 5-4.3.4(a)(2)(i), the filer hereby attests that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

LOEB & LOEB LLP
THOMAS P. JIRGAL
MELANIE J. HOWARD

By: */s/ Melanie J. Howard*
    Melanie J. Howard
    Attorneys for Plaintiff
    Don Henley

Dated: April 14, 2015

LEWIS BRISBOIS BISGAARD & SMITH
DANIEL C. DECARLO
THOMAS S. KIDDE
DANIEL R. LEWIS

By: */s/ Daniel C. DeCarlo*
    Daniel C. DeCarlo
    Attorneys for Defendant
    Duluth Holdings Inc. d/b/a/ Duluth Trading Company

**IT IS SO ORDERED.**

Dated: April ___, 2015

_____
THE HONORABLE DALE S. FISCHER
UNITED STATES DISTRICT JUDGE

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

5

STIPULATED [PROPOSED] PERMANENT
INJUNCTION AND CONSENT JUDGMENT
(2:14-CV-07827-DSF-AGR)